```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

GREAT WESTERN RESOURCES, LLC,
et al.                                                    PLAINTIFFS

v.                       Case No. 05-5152

BANK OF ARKANSAS, NATIONAL
ASSOCIATION                                                DEFENDANT

## ORDER

NOW on this 13th day of March 2006, comes on for consideration **Defendant Bank of Arkansas' Motion to Dismiss** (document #2) and the plaintiffs' **Motion to Remand to State Court** (document #8). The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1. The plaintiffs, Great Western Resources, LLC, Empire Liquors, Inc., Sigma Plastics Corporation, SCCP Liquidators, LLC, and Mid-West Truck & Equipment, Inc., initiated this action in the Circuit Court of Washington County, Arkansas on July 29, 2005 against the defendant, Bank of Arkansas, NA. The complaint sets forth five claims, including: usury, breach of contract, violations of the Arkansas Deceptive Trade Practices Act, conversion, and breach of implied covenant of good faith.

2. Bank of Arkansas (hereinafter "BoA") removed the matter to this Court on August 29, 2005. In its notice of removal, BoA asserts that the action may be removed to this Court pursuant to 28

1

U.S.C. § 1441 because federal question jurisdiction exists under the doctrine of complete preemption.

Specifically, BoA argues that plaintiffs' complaint centers on BoA's alleged violation of Arkansas' usury law. And, as BoA is a national banking association and regulated by the Office of the Comptroller of the Currency, the National Bank Act, 12 U.S.C. § 1 et seq., controls and preempts state law.

3. Simultaneously with its Notice of Removal, BoA filed its Motion to Dismiss, also based on the doctrine of complete preemption. BoA argues that, because each of the plaintiffs' state law claims are preempted by federal law, plaintiffs' complaint should be dismissed.

The plaintiffs oppose the motion to dismiss, and argue that "it is clear that Plaintiffs' claims for breach of contract, violations of Arkansas Deceptive Trade Practices Act, conversion, and breach of implied covenant of good faith are not subject to preemption, but are governed by state law." (Plaintiffs' Response Brief, p. 2). Additionally, in plaintiffs' response, they alternatively seek leave to amend their complaint: "to the extent Plaintiffs' claims are preempted by federal law, Plaintiffs request that the Court grant Plaintiffs leave to amend their Complaint." (Plaintiffs' Response Brief, p. 3).

4. Finally, plaintiffs have moved to remand this action, alleging that there is no basis for federal diversity jurisdiction

– specifically contending that BoA waived its right to remove the action, and alternatively, that not all of plaintiffs' claims are subject to preemption.

BoA rebuts plaintiffs' argument, contending that the removal was timely filed, and that each of plaintiffs' five claims are subject to preemption.

5. First, this Court will address plaintiffs' argument that BoA's notice of removal was not timely taken, or that BoA otherwise waived its right to removal. Plaintiffs argue that BoA waived its right to removal due to its failure to remove a "previously dismissed action from Crawford County [Circuit Court] within thirty (30) days from the filing of the Third Party Complaint." (Plaintiffs' Remand Brief, p. 5).

According to the plaintiffs, the instant matter "stems from a previous state court action between the same parties in Crawford County, Arkansas that was dismissed without prejudice." (Plaintiffs' Remand Brief, p. 1-2). BoA initiated the Crawford County litigation, seeking foreclosure against certain parties. The plaintiffs in the instant litigation then filed a third party complaint against BoA "seeking recovery . . . for fees charged to Plaintiffs . . ." (Plaintiffs' Remand Brief, p. 2). BoA responded to the third party complaint, and did not seek to remove the third party complaint to federal court. The Crawford County third party complaint was eventually dismissed without prejudice.

3

Although plaintiffs argue that BoA's failure to remove the Crawford County third party complaint to federal court bars BoA's removal of this matter, the Court does not agree. Clearly, regardless of the contentions made therein[1], the Crawford County lawsuit was a separate and distinct matter. The third party complaint filed in the Crawford County lawsuit was, undisputably, dismissed without prejudice on May 12, 2005. According to established caselaw, BoA, as a third party defendant in the Crawford County case, had no ability to remove the case to federal court. Lewis v. Windsor Door Co., 926 F.2d 729, 733-34 (8th Cir. 1991). Because the third party complaint was *dismissed without prejudice*, the law regards the matter as though as it were never filed; and, the time for removal of *this* matter began to accrue on August 9, 2005, the day BoA was served with plaintiffs' instant complaint. *See* Chott v. Cal Gas Corp., 746 F.Supp. 1377 (E.D. Mo. 1990).[2]

6. Next, this Court must address whether federal question jurisdiction exists with respect to this matter. As set forth

---

[1] Plaintiffs contend that the factual allegations set forth in the instant matter "are substantially, if not totally, identical to the factual allegations set forth in the [Crawford County] Third Party Complaint." (Plaintiffs' Remand Brief, p. 3).

[2] Plaintiffs also argue that a letter, dated April 15, 2005, from BoA's counsel to plaintiffs' counsel bars BoA from now seeking removal. The letter, which is dated before the Crawford County third party complaint was dismissed, and before the instant action was initiated, states "the proper jurisdiction and venue [for the issues raised by the Crawford County third party complaint] is Washington County as opposed to Crawford County." The Court, while acknowledging plaintiffs' argument, again, does not agree.

4

above, BoA argues that federal question jurisdiction exists under the doctrine of complete preemption.

The plaintiffs' complaint seemingly asserts five state law claims: usury, breach of contract, violations of the Arkansas Deceptive Trade Practices Act, conversion, and breach of implied covenant of good faith. However, "a state claim may be removed to federal court in only two circumstances - when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003).

It is undisputed that BoA is a national banking association and is regulated by the Office of the Comptroller of the Currency. Caselaw is clear that the National Bank Act provides an exclusive federal cause of action for usury against national banks; and, therefore, plaintiffs' claim of usury against BoA is subject to complete preemption. Id. at 10-11. *See also* Johnson v. Bank of Bentonville, 269 F.3d 894 (8th Cir. 2001).

It follows that this matter is removable to this Court; thus, plaintiffs' **Motion to Remand to State Court** (document #8) should be, and it hereby is, **denied.**

7. This Court must also address BoA's motion for dismissal of plaintiffs' claims. As set forth above, BoA argues that, because each of the plaintiffs' state law claims are preempted by federal law, plaintiffs' complaint should be dismissed.

Although the plaintiff appears to concede that its usury claim is preempted by federal law, the plaintiffs oppose the motion to dismiss, and argue that its remaining claims (for breach of contract, violations of Arkansas Deceptive Trade Practices Act, conversion, and breach of implied covenant of good faith) are not subject to preemption, but are governed by state law.

8. Clearly, plaintiffs' complaint asserts a claim against BoA (a national bank) for usury under Arkansas law: "The Defendant Bank is in violation of the provisions against usury set forth in the Arkansas Constitution and the accompanying statutory law." (Complaint, ¶ 15). "The [National Bank Act] preempts actions challenging the lawfulness of the interest charged by a national bank." Phipps v. Federal Deposit Insurance Corp., 417 F.3d 1006, 1011 (8th Cir. 2005). Because the National Bank Act provides "the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim of usury against a national bank." Id. (quoting Beneficial National Bank v. Anderson, 539 U.S. 1, 11 (2003)). Plaintiffs' state-law usury claim must, therefore, be dismissed.

9. In addition to the usury claim, plaintiffs' complaint asserts claims for breach of contract, violations of the Arkansas Deceptive Trade Practices Act, conversion, and breach of implied covenant of good faith. BoA argues that the claims should be dismissed as they "are all bottomed" on the central premise of

6

usury. However, the plaintiffs cite 12 C.F.R. § 7.4007 in support of their argument that the claims should not be dismissed as "complete preemption" does not apply to the "state claims."

According to 12 C.F.R. § 7.4007(c), state laws "not inconsistent with the deposit-taking powers of national banks" are not preempted. Examples of such state laws include:

> (1) Contracts;
> (2) Torts;
> (3) Criminal law;
> (4) Rights to collect debts;
> (5) Acquisition and transfer of property;
> (6) Taxation;
> (7) Zoning; and
> (8) Any other law the effect of which the OCC determines to be incidental to the deposit-taking operations of national banks or otherwise consistent with the powers set out in paragraph (a) of this section.

12 C.F.R. § 7.4007(c).

Upon review of plaintiffs' complaint, the parties' pleadings, and controlling law, this Court finds that plaintiffs' claims for breach of contract, violations of the Arkansas Deceptive Trade Practices Act, conversion, and breach of implied covenant of good faith are not subject to complete preemption; and, therefore, should not be dismissed on motion.

10. In Plaintiffs' Brief in Support of Response to Motion to Dismiss, plaintiffs appear to seek leave to amend their complaint "to the extent Plaintiffs' claims are preempted by federal law." (Plaintiffs' Dismiss Brief, p. 3)

In light of caselaw and the provisions of Fed. R. Civ. P. 15,

the Court concludes that leave to amend should likely be granted. See Krispin v. May Department Stores Co., 218 F.3d 919 (8th Cir. 2000); Fed. R. Civ. P. 15.  However, it is not clear precisely how plaintiffs wish to amend their complaint, if they are permitted to do so.  Therefore, plaintiffs will be allowed ten (10) days from the date hereof in which to file a formal motion to amend their complaint, attaching their proposed amended complaint to the motion in accordance with Rule 5.5(e) of the Rules of the United States District Court for the Eastern and Western Districts of Arkansas.

**IT IS, THEREFORE, ORDERED** that **Defendant Bank of Arkansas' Motion to Dismiss** (document #2) be, and it hereby is, **granted, in part, and denied, in part as follows:**

* it is **granted** with respect to plaintiffs' usury claim; and

* it is **denied** with respect to plaintiff's other claims.

**IT IS FURTHER ORDERED** that plaintiffs' **Motion to Remand to State Court** (document #8) be, and it hereby is, **denied**.

**IT IS FURTHER ORDERED** that plaintiffs be, and they hereby are, allowed ten (10) days from the date hereof in which to file a formal motion to amend their complaint.

**IT IS SO ORDERED.**

/S/JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE